IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH N. BORDLEY, | * | |
| | * | |
| v. | * | Civil Case No. MJG-16-1535 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 11, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that the Court deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. Bordley protectively filed a claim for Supplemental Security Income ("SSI") on August 20, 2012, alleging a disability onset date of January 1, 2007. (Tr. 63); *see* (Tr. 202-08).

He later amended his onset date to December 4, 2011.[1] (Tr. 36, 219).  His claim was denied initially and on reconsideration.  (Tr. 95-98, 103-04).  A hearing was held on August 18, 2015, before an Administrative Law Judge ("ALJ").  (Tr. 28-62).  Following the hearing, the ALJ determined that Mr. Bordley was not disabled within the meaning of the Social Security Act during the relevant time frame.  (Tr. 7-27).  The Appeals Council ("AC") denied Mr. Bordley's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Bordley suffered from the severe impairments of "depression, diabetic neuropathy, substance abuse disorder, lateral humeral epicondylitis, degenerative disc disease, insulin dependent diabetes, [and] hypertension."  (Tr. 12).  Despite these impairments, the ALJ determined that Mr. Bordley retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 416.967(c) except stand/walk for 6 hour [*sic*] in an 8 hour workday, sit for 6 hour [*sic*] in an 8 hour workday; carry out short, simple instructions as well as understand and remember short, simple instructions; maintain attention and concentration for extended periods frequently.

(Tr. 14).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Bordley could perform his past relevant work and that, therefore, he was not disabled.  (Tr. 20-21).

Mr. Bordley raises three primary arguments on appeal:  (1) that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); (2) that the ALJ failed to properly evaluate the medical opinion evidence; and (3) that the ALJ failed

---

[1] Although the record indicates that Mr. Bordley amended his onset date to December 4, 2011, the ALJ and Plaintiff's counsel also refer to Mr. Bordley's amended onset date as December 14, 2011. (Tr. 10, 36).

to properly evaluate Mr. Bordley's credibility.[2]  Pl. Mot. 12-22.  I concur that the ALJ's opinion is deficient under *Mascio*, and thus recommend remand to allow compliance with that decision.

Beginning with the successful argument, on March 18, 2015, the United States Court of Appeals for the Fourth Circuit published its opinion in *Mascio*.  There, the Fourth Circuit determined that remand was appropriate for three distinct reasons, one of which is relevant to the analysis of this case.  Specifically, the Fourth Circuit found that the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace.  *Mascio*, 780 F.3d at 637-38.  The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work."  *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted).  In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace."  *Id*.  Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary.  *Id*.

---

[2] Mr. Bordley also argues that the ALJ failed to provide the VE with a sufficient hypothetical.  Specifically, Mr. Bordley contends that the ALJ's failure to include limitations in concentration, persistence, and pace in the hypothetical to the VE rendered the VE's opinion deficient.  Pl. Mot. 21-22.  Because the ALJ's analysis of Mr. Bordley's issues in concentration, persistence, or pace warrants remand, the ALJ should, on remand, determine whether substantial evidence merits inclusion of a limitation in concentration, persistence, or pace in the hypothetical to the VE.  *See Dardozzi v. Colvin*, No. SAG-16-20, 2016 WL 6085883, at *4 (D. Md. Oct. 18, 2016) (citing *Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988)).

This case is partially distinguishable from *Mascio*. The entirety of the step three analysis states:

> With regard to concentration, persistence or pace, the claimant has moderate difficulties. The claimant reported difficulties paying attention. He reported to his physician that his attention did not stop him for [*sic*] working. He indicated that he has a hard time focusing.

(Tr. 13) (internal citation omitted). That analysis does not permit this Court to understand the precise parameters of the difficulties the ALJ believed Mr. Bordley to have. According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

*See also* 20 C.F.R. § 416.920a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4); *see also* 20 C.F.R. § 416.920a(e)(4).

As noted above, the ALJ imposed a RFC restriction that Mr. Bordley can "carry out short, simple instructions as well as understand and remember short, simple instructions; [and] maintain attention and concentration for extended periods frequently." (Tr. 14). There is no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or

pace, such that it addresses Mr. Bordley's ability to sustain work throughout an eight-hour workday. In fact, the ALJ makes the opposite finding that Mr. Bordley can sustain attention and concentration for extended periods. Therefore, I am unable to reconcile the two conclusions and ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace. Accordingly, I recommend remand to the Commissioner for further explanation and analysis, consistent with the Fourth Circuit's mandate in *Mascio*.

Second, Mr. Bordley contends that the ALJ failed to properly evaluate the medical opinion of the treating physician, Dr. Kalayanaraman.[3] Pl. Mot. 12-19. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. § 404.1527(d)(2). However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is consistent with the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). The ALJ must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, at *3 ("In appropriate circumstances, opinions from State

---

[3] Mr. Bordley also contends that the ALJ failed to properly evaluate the medical opinion of the State agency consultant, Dr. Jensen. Pl. Mot. 18-19. Notably, the ALJ assigned "little weight" to the State consultant's determination that Mr. Bordley "was limited to light work." (Tr. 20). The ALJ, however, provided minimal evidence to support her assignment of weight. (Tr. 20) (noting that "the evidence does not support such limitations," and citing a conflicting opinion proffered by the State consultant at the reconsideration level). While this deficiency may not warrant remand on its own, since the case is being remanded on other grounds, the ALJ should, on remand, evaluate Dr. Jensen's opinion and provide an explanation for her assignment of weight.

agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Contrary to Mr. Bordley's assertion, the ALJ properly evaluated Dr. Kalayanaraman's opinion. Notably, Dr. Kalayanaraman opined that Mr. Bordley "would be absent more than three times a month," and "would need unscheduled breaks 4-8 times a day." (Tr. 18). Additionally, Dr. Kalayanaraman opined that Mr. Bordley was "could not walk a block, use public transportation, carry out routine ambulatory activities or climb a few stairs," and limited Mr. Bordley to "[l]ifting/carrying…10 pounds occasionally." *Id*. Moreover, Dr. Kalayanaraman opined that Mr. Bordley "had [a] disc pressing on [a] nerve root," diagnosed Mr. Bordley with "sciatica, hepatitis C, diabetes and hypertension," recommended that Mr. Bordley use a cane, and noted that Mr. Bordley would experience pain "frequently." *Id*. Furthermore, Dr. Kalayanaraman opined that Mr. Bordley "could not do full time work," and "was not expected to make a full recovery given that his…disability had last more than 12 months." *Id*.

The ALJ assigned "little weight" to Dr. Kalayanaraman's opinion because it was inconsistent with the medical evidence and unsupported by the objective record. (Tr. 19). Specifically, the ALJ found that Dr. Kalayanaraman's opinion was "not supported by the longitudinal record" and "is inconsistent with his own treating records." *Id.* For example, the ALJ noted that although Dr. Kalayanaraman "reported in his assessment that [Mr. Bordley] had a disc pressing on the root," he also noted that Mr. Bordley "had no cord compression from his disc disease[.]" *Id.* In addition, the ALJ noted that, "[c]ontrary to…the assessment of Dr. Kalayanaraman, [Mr. Bordley] has required no referral to specialists to address his back pain," "no pain management," and "no visit for emergent care to address his allegations of pain or alleged limitations." *Id.* Moreover, the ALJ noted that Dr. Kalayanaraman's opinion is

6

unsupported by the diagnostic imaging in the record, *id.*, and cited the State consultants' determination that Mr. Bordley "could perform medium work," *id.*, and had "no individual medical problem impairing [his] ability to work," (Tr. 19-20). Accordingly, the ALJ found that "Dr. Kalayanaraman's [opinion] is more consistent with [Mr. Bordley's] subjective complaints than objective medical findings." (Tr. 19). These inconsistencies, in addition to others cited by the ALJ, provide sufficient justification for the ALJ's decision to accord "little" weight to Dr. Kalayanaraman's opinion.

Finally, Mr. Bordley argues that the ALJ failed to properly evaluate his credibility. Pl. Mot. 19-21. Specifically, Mr. Bordley contends that the ALJ failed to "give good reasons for finding Mr. Bordley's statements…not credible." *Id.* at 20. "In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians…and any other relevant evidence in the case record." SSR 96-7P, 1996 WL 374186, at *1 (S.S.A. July 2, 1996).

Contrary to Mr. Bordley's assertion, the ALJ properly evaluated his credibility. Notably, the ALJ found that Mr. Bordley's statements are "not consistent with the record and therefore not entirely credible." (Tr. 19). Specifically, the ALJ noted that Mr. Bordley's conservative and routine treatment, history of non-compliance, and admitted daily activities indicate a greater level of functioning than that alleged. For example, regarding "[Mr. Bordley's] allegations [of back pain]," the ALJ noted that, Mr. Bordley "has required no referral to specialists," "no pain management," and "no visit to emergent care to address his allegations of pain or alleged limitations." *Id.* The ALJ also noted that Mr. Bordley was treated with ibuprofen for his degenerative disc disease, and has "maintained" his back pain with "ibuprofen and other anti-

inflammatories." *Id.* In addition, regarding Mr. Bordley's "alleg[ations] of disability from his diabetes," the ALJ noted that "no records support he suffers limitations from his condition," and cited "large gaps in treatment with several periods of non-compliance on his part." *Id.* Indeed, the ALJ noted that Mr. Bordley's "insulin dependent diabetes and hypertension…has often been uncontrolled due to [his] noncompliance with medication," and found that, "[w]ere [Mr. Bordley] as debilitated as alleged he would have required more consistent treatment to address his diabetes." *Id.* Moreover, the ALJ noted that Mr. Bordley's admitted daily activities further belied "his allegations of difficulties," including his "work cleaning fish" and "work painting lines with no difficulty." *Id.* Ultimately, the ALJ's detailed evaluation of the record evidence against Mr. Bordley's statements regarding his physical and mental symptoms amply supports the ALJ's conclusion that Mr. Bordley's alleged limitations were not entirely credible. Thus, contrary to Mr. Bordley's argument, the ALJ properly evaluated Mr. Bordley's credibility, and supported her findings with substantial evidence.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 15];
2. the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 11];
3. the Court REVERSE IN PART due to inadequate analysis the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g);
4. the Court REMAND this case for further proceedings in accordance with this opinion; and
5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  March 9, 2016                                    /s/
                                                         Stephanie A. Gallagher
                                                         United States Magistrate Judge